## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | **Criminal Case No. CF0396-22** |
| | GPD Report Nos. 22-13769 / 22-14843 |
| v. | |
| | **DECISION AND ORDER** |
| NICOLAS JOHN PABLO BABAUTA, | **FINDING DEFENDANT NOT IN** |
| DOB: 11/07/1985 | **VIOLATION OF PROBATION** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 28, 2025 & March 31, 2025 for a Violation Hearing regarding Nicolas John Pablo Babauta's ("Defendant's") alleged violations of probation. Assistant Attorney General Neil Bonavita represents the People, and Attorney William Gavras represents Defendant. Having duly considered the Violation Reports, testimony and evidence presented, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **FINDS DEFENDANT NOT IN VIOLATION OF PROBATION.**

### BACKGROUND

On May 8, 2024, Defendant pled guilty to two counts of Criminal Mischief (as a 3rd Degree Felony) pursuant to a Deferred Plea Agreement. See Order After Hearing (Jun. 4, 2024). An Order After Hearing was entered, imposing the following relevant conditions of probation:

- **HARRASSING OR HARMING VICTIM:** Defendant shall not harass, threaten, physically strike, or injure Nixon Caasi ("Victim").

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

Decision and Order Finding Defendant Not in Violation of Probation
CF0396-22, *People of Guam v. Nicolas John Pablo Babauta*
Page 1 of 5

Id.

A Permanent Restraining Order was entered by the Court in April 2024 that permanently enjoined and restrained Defendant from contacting Victim, crossing Victim's property boundary, or coming within 500 feet of Victim or Victim's place of employment. See CV0341-22 Permanent Restraining Order (Apr. 16, 2024).

In January 2025, a Violation Report was filed in which Victim accused Defendant of harassment for loudly revving his car engine in front of Victim's house on January 1, 2025. See Violation Report (Jan. 17, 2025). Defendant denied the allegations in court and a Violation Hearing was subsequently scheduled. See Minute Entry (Jan. 29, 2025).

In February 2025, another Violation Report was filed in which Victim again accused Defendant of harassment. See Violation Report (Feb. 18, 2025). This time, Victim accused Defendant of closely tailgating him on February 13, 2025 and making threatening gestures with a knife towards him on February 16, 2025. Id.

The Court held a hearing on March 28, 2025 & March 31, 2025 to determine whether Defendant was in violation of the above conditions of his probation. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Standard for Revocation of Probation:

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

Decision and Order Finding Defendant Not in Violation of Probation
CF0396-22, *People of Guam v. Nicolas John Pablo Babauta*
Page **2** of **5**

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (citing *People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

## II. The Court does not reasonably believe that Defendant violated his probation.

The evidence presented to the Court does not reasonably satisfy the Court's belief that a violation of probation actually has occurred. The Court will go through each of the three alleged instances of harassment to explain why this is so.

Harassment is defined as a "knowing and willful course of conduct ... directed at a specific person which alarms, annoys, or distresses the person, and which serves no legitimate purpose. Such course of conduct must be of a nature to cause a reasonable person to suffer substantial emotional distress, and must cause substantial emotional distress." See 9 G.C.A. § 19.69(a).

The first instance of alleged harassment took place on January 1, 2025, in which Defendant is alleged to have loudly revved his car engine in front of Victim's house early in the morning. See Court Recording at 11:00:00am (Mar. 28, 2025). While this was captured on security footage, it is

Decision and Order Finding Defendant Not in Violation of Probation
CF0396-22, *People of Guam v. Nicolas John Pablo Babauta*
Page 3 of 5

not clear who was operating the car at the time. Luis Babauta, the Defendant's father, testified that he owned the car in question, that multiple people had access to the car, and that the car unexpectedly jerks, stutters, and makes loud noises due to its old age. See Court Recording at 1:57:00pm-2:01:00pm (Mar. 31, 2025). It is unreasonable to blame Defendant for the engine noise when: (i) no evidence was presented that Defendant was actually driving the vehicle at the time in question, and (ii) no evidence was presented that the noise was willfully created rather than an unintentional side effect of driving.

The next instance of alleged harassment took place on February 13, 2025, in which Defendant is alleged to have closely followed Victim around their neighborhood in his car. Video was presented showing Defendant following Victim's car at varying distances throughout multiple turns. See Court Recording at 11:02:30am-11:04:00am (Mar. 28, 2025). However, it was also established there is only one way in and out of the neighborhood because it ends in a dead-end. Id. at 11:21:30am-11:22:00am. This provides an innocent explanation for why Defendant appeared to be following Victim, as they both use the same route when exiting their neighborhood. Consequentially, the Court cannot reasonably say that Defendant was harassing Victim simply because they both exited their neighborhood using the same path at the same time.

The last instance of alleged harassment took place on February 16, 2025, in which Victim claims Defendant made multiple violent gestures with a knife towards Victim and his family when they drove by Defendant's property. Id. at 11:09:00am-11:15:00am. Two videos were also submitted for the Court's consideration, which showed Defendant in his yard: (i) plant a large knife in the ground as Victim and his family drove by, and (ii) stare in Victim's direction while holding the knife. Id. at 11:09:00am-1:15:00am. The videos do not show Defendant point the knife in Victim's direction, verbalize with Victim, or directly threaten the Victim in any way. Instead, both videos show Defendant sitting in his yard with his back turned to Victim. While the Court sympathizes with Victim

Decision and Order Finding Defendant Not in Violation of Probation
CF0396-22, *People of Guam v. Nicolas John Pablo Babauta*
Page 4 of 5

who has genuine stress and fear from the incident, the videos do not establish harassment attributed to Defendant.

## CONCLUSION

For the reasons stated above, the Court **finds Defendant not in violation of probation.** Defendant is reminded that all terms and conditions of his probation remain in effect, including conditions not to harass or contact Victim. If Defendant fails to follow these terms and conditions, the Court will accept Defendant's deferred plea and Defendant will be adjudged guilty of two counts of Criminal Mischief (as a Misdemeanor).

**IT IS SO ORDERED** this _____June 27, 2025_____.

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

OAG & W. Gavras

Date 6/27/25 Time: 1:31
Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam

Decision and Order Finding Defendant Not in Violation of Probation
CF0396-22, *People of Guam v. Nicolas John Pablo Babauta*
Page 5 of 5